DOWNEY, Chief Judge.
Appellant, Alva M. Harms, and appellees, Josephine M. Pitts, Virginia M. Jana, and Jo Etta Antill Galbraith, are the residuary beneficiaries under the will of Dorothy VanLandingham, deceased. Appellant and the appellees are each entitled to one-fourth of the residue of the estate of said decedent, consisting, in part, of an unimproved tract of land of approximately 3.371 acres in Broward County, Florida. Walter I. Harms, the personal representative of said estate, filed a joinder in the appeal.
Appellant and the personal representative, as petitioners, filed a Petition for Partition pursuant to Section 733.814 Florida Statutes (1979), naming the appellees as respondents. In material part the petition alleged that petitioner Alva M. Harms and each of the respondents held a one-fourth interest in the above mentioned tract of lands which tract was indivisible and not subject to partition in kind without prejudice to its owners. The petitioners prayed that the tract be partitioned by a court ordered sale.
Answers filed by the appellees admitted that the appellant and the appellees each owned one-fourth of the residue of the estate as residuary beneficiaries but denied that the tract could not be partitioned in kind without prejudice to its owners.
Thereafter the personal representative filed a petition to extend the time for filing his final accounting and petition for discharge until 60 days after the property in question was sold pursuant to a judgment of partition. In addition, the appellants served appellees with six interrogatories. Appellees objected to four interrogatories and to the petition for extension of time. In due course the court held a hearing on: appellant’s petition for partition (over appellant’s objection that the hearing was untimely), the personal representative’s petition for extension of time, and appellees’ objections to answering four interrogatories. The hearing resulted in an order (a) denying the petition for partition, (b) denying the petition for extension of time, (c) granting appellees protection against answering the four interrogatories they objected to, and (d) directing the personal representative to make distribution to the beneficiaries and file his final accounting and petition for discharge.
On appeal Alva Harms asserts that the court erred in: (1) denying partition, (2) granting the order of protection as to the interrogatories, (3) denying the extension of time for the final accounting, and (4) directing distribution and discharge.
Section 733.814, Florida Statute (1979), provides for partition under the circumstances of this case. The only issue seems to be whether the property should be partitioned in kind or the property sold and the proceeds distributed to the interested parties. Thus the trial court should allow the parties to adduce evidence in support of their various contentions and then direct the proper disposition of the property in accordance with the statute on partition.
Accordingly, the order of July 9, 1979, is reversed and the cause is remanded with directions that the trial court require the appellees to answer the interrogatories objected to. The trial court is also directed to entertain the petition for partition and the answers thereto and to partition the property in accordance with Chapter 64 of the Florida Statutes.
BERANEK and GLICKSTEIN, JJ., concur.